Docket No. 1:17-CV-02751-GPG _____

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**JAN 22 2018**

JEFFREY P. COLWELL
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**John Patrick Fletcher,**
*Plaintiff*

vs.

**Inmate Bank,
State Controller,
Rick Raemisch,
Tanya Whitney,**
*Defendants*

## MOTION TO ASSERT MULTIPLE OBJECTIONS
## UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 72

John Patrick Fletcher
*Proceeding Pro Se Under 28 U.S.C. § 1654*

B.V.C.F. East 1-S-12
P.O. Box 2017
Buena Vista, CO 81211

    I.    "The Court has reviewed Plaintiff's Amended Complaint and finds that he fails to provide a short and plain statement of his claim in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.", (ECF No. 9, p. 3).

1. Mr. Fletcher objects.

* * *

2. "No technical form is required", (Rule 8(d)(1)).

3. "A party may set out two or more statements of a claim", (Rule 8(d)(2)).

4. "A party may state as many separate claims ... as it has, regardless of consistency", (Rule 8(d)(3)).

* * *

5. Mr. Fletcher's complaint presents five sets of claims, each set of claims springing from an individual set of facts, and each set of claims being followed up with Mr. Fletcher's contentions; which "allege generally that all conditions precedent have occurred or been performed", (Rule 9(c));
(see ECF No. 8, pp. 10, 12, 14, 16, and 19).

6. To present each claim severally and sequentially, would have required unnecessary repetition of the same facts over and over again; violating the underlying premise of Fed. R. Civ. P. Rules 8, 9, and 10, that "Each allegation must be simple, concise, and direct", (Rule 8(d)(1)).

7. By presenting the claims as he did, Mr. Fletcher presented 23 claims on 12 pages; making for a *very* succinct complaint.

    II.    "First, Plaintiff's complaint must present enough facts 'to state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).", (ECF No. 9, p. 5).

8. Mr. Fletcher objects.

* * *

9. The Court's ruling is over broad, making determining which of the 23 claims the Court is referring to, impossible.

> III. "Second, Plaintiff must name those individuals in the caption ... and allege specific facts in the body of the [complaint] to demonstrate those individual's personal participation in an alleged deprivation of his rights.", (ECF No. 9, p. 4-5);
> "There must also be an affirmative link between the alleged violation and each defendant's participation, control or direction, or failure to supervise.", (ECF No. 9, p. 5).

10. Mr. Fletcher objects.

\* \* \*

11. Even a cursory review of Mr. Fletcher's complaint shows he has complied with this requirement, (see ECF No. 8, pp. 8, 11, 13, 15, and 17)

> IV. "Third, ... Plaintiff must identify a protected property interest and allege he was deprived of that right without due process.", (ECF No. 9, p. 5).

12. Mr. Fletcher objects.

\* \* \*

13. This ruling is incorrect as a matter of law; in as much as Due Process of Law applies to life and liberty as well.

14. Again, the Court's ruling is too generalized to determine which of the 6 due process claims the Court is referring to; as claims Eleven, Twelve, Fifteen, Sixteen, Twenty, and Twenty One refer to the property interest of Mr. Fletcher's monies, which are *de facto* chattel.

> V. "To the extent Plaintiff challenges the validity of owed debts, restitution, photocopying, and postage, he has a remedy in state court.", (ECF No. 9, p. 5-6).

15. Mr. Fletcher objects.

\* \* \*

16. Again, the court does not specify which claim(s) the Court is referring to.

17. Mr. Fletcher reminds the Court that he did not assert any claims concerning restitution, monies owed to the courts, or any other such issues.

18. Mr. Fletcher's monetary claims are based on "unjust enrichment, larceny, and retaliation", (ECF No. 9, p. 3), as the Court itself acknowledged.

VI. "The assertion of jurisdiction under 18 U.S.C. § 242 is legally frivolous.", (ECF No. 9, p. 6).

19. Mr. Fletcher objects.

\* \* \*

20. Mr. Fletcher's *pro se* misunderstanding of what it meant to assert jurisdiction over his civil complaint, does not change the fact that any asserted jurisdiction over his civil case, can *only* affect *judicial* jurisdiction; (as only a Court can have *any* jurisdiction over Mr. Fletcher's civil complaint); therefore, the Court's declared jurisdictional frivolousness, is moot.

VII. "Fourth, Plaintiff provides no basis for constitutional deprivation regarding his confidential financial records claim.", (ECF No. 9, p. 6).

21. Mr. Fletcher objects.

\* \* \*

22. Violations of rights established by federal law, are cognizable under 42 U.S.C. § 1983, ("the *deprivation* of any *rights*, privileges, or immunities *secured by the* Constitution and *laws*, shall be liable to the party injured ...", (*idem*) (emphasis added))

\* \* \*

23. The Court continued its ruling: "The definitions set forth in 12 U.S.C. § 3401(1) does not include an inmate bank for a prison as a financial institution for purposes of § 3403.", (ECF No. 9, p. 6), is in err.

24. Mr. Fletcher has alleged with particularity, as required by Rule 9(c), that the Inmate Bank is a *de facto* financial institution, separate and distinct from the State of Colorado and the Colorado Department of Corrections [hereinafter "CDOC"], (ECF No. 8, pp. 5-6, et al); placing the Inmate Bank squarely within the jurisdiction of 12 U.S.C. § 3401, et seq..

25. The fact that the Inmate Bank operates outside the bound of state and federal law, does not give it immunity from federal statute governing the type of business it operates as.

> VIII. "Fifth, ... Nothing Plaintiff asserts states a violation of his Eighth Amendment rights", (ECF No. 9, p. 6-7).

26. Mr. Fletcher objects.

* * *

27. Mr. Fletcher's asserted claims of Eighth Amendment violations were based on the axiomatic principle of jurisprudence that being criminally victimized is, *itself*, a harm.

28. Further, since the commission of *any* crime is axiomatically unreasonable; and

29. every crime carries with it a penalty deemed by the legislature to be serious enough to deter its commission;

30. then, the commission of *any* crime is an unreasonable serious act.

31. Providing the foundation for Mr. Fletcher's legal theory that being subjected to criminal victimization is, *ipso facto*, an "unreasonable serious harm"; depriving him of "the minimal civilized measure of life's necessities", *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

32. Mr. Fletcher's legal theory holds that being free from criminal victimization is axiomatically a "life necessity".

* * *

### Note to Court

33. The allegations of criminal conduct contained within the instant action, were asserted for the *sole purpose* of providing substance and foundation to Mr. Fletcher's claims of having Cruel and Unusual Punishment Inflicted upon him; with such criminal victimization, *itself*, meeting the "unreasonable serious harm" prong of an Eighth Amendment violation.

34. At no time, has Mr. Fletcher asserted any personal standing to prosecute this *civil* case as a criminal case.

35. Even with Mr. Fletcher's *pro se* misunderstanding of what it meant to assert *judicial* jurisdiction over his *civil* complaint, (ECF No. 8, p. 4, ¶ 2);

36. at no point did Mr. Fletcher ever assert *he* had any jurisdiction – *in persona*, subject matter, or otherwise – to prosecute *any* criminal act(ion), much less any criminal act(ion) within this *civil* complaint; and

37. at no point did Mr. Fletcher ever assert this *civil* complaint was anything but a civil complaint.

IX. "Sixth, Plaintiff makes conclusory assertions that his equal protection rights were violated,", (ECF No. 9, p. 7);
"Plaintiff's equal protection claim is based on conclusory assertions, rather than specific facts showing disparate treatment.", (ECF No. 9, p. 8).

38. Mr. Fletcher objects.

\* \* \*

39. Again, the Court's ruling is too generalized, making it impossible to determine which of the five Equal Protection of the Laws claims the Court is referring to; as the Court is clearly not referring to all five claims: "Plaintiff's equal protection claim is based on conclusory assertions ...", (ECF No. 9, p. 8).

40. Further, according to Fed. R. Civ. P. Rule 9(c):

> In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.

41. (See ECF No. 8, p. 10, ¶ 1; p. 12, ¶ j; p. 14, ¶ f; p. 16, ¶ j; and p. 19, ¶ o; clearly meeting Rule 9(c)'s requirements.)

X. "Seventh, Plaintiff provides no authority to support his contention that deductions from inmate accounts are unconstitutional", (ECF No. 9, p. 8).

42. Mr. Fletcher objects.

\* \* \*

43. Again, the Court's ruling is too generalized as to determine which of the six constitutional claims, (ECF No. 8, p. 14, ¶¶ d, e, or f; p. 16, ¶¶ h, I, or j), the Court is referring to.

44. Further, please refer to Fed. R. Civ. P. Rule 9(c).

45. Further still, according to § "D. CAUSE OF ACTION" of the Court required form: "You do not need to cite specific cases to support you claim(s).", (ECF No. 8, p. 7, ¶ top).

46. Even further still, according to *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991);

> We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so *despite the plaintiff's failure to cite proper legal authority*,

(Emphasis added.)

XI.   "There is nothing improper in the State's collection of fees imposed as part of his sentence or as a condition of a lawsuit.", (ECF No. 9, p. 8).

47. Mr. Fletcher objects.

* * *

48. Again, Mr. Fletcher reminds the Court that he did not assert any claims concerning monies owed to the Court, Court fees, or restitution; therefore, these Court asserted issues are moot; addressing an issue Mr. Fletcher never asserted.

XII.   "Eighth, ... Plaintiff fails to assert specific facts showing that the 'but for' reason for retaliation was due to his exercising a constitutional right.", (ECF No. 9, p. 8-9).

49. Mr. Fletcher objects.

* * *

50. According to *Reed v. Early*, 2016 U.S. Dist. LEXIS 190100, 18:

> he must allege specific facts to demonstrate that:
> (1) he was engaged in constitutionally protected activity,
> (2) Defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and
> (3) Defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity.

(Formatting added)

51. Mr. Fletcher's retaliation claim asserted he was being subjected to an unlawful "banker's lien" of 50% on all monies deposited;

52. which the Inmate Bank, as an unlawful banking entity, does not have any legal banking authority to implement such a banking privilege, (ECF No. 8, pp. 17-19), making each such deduction, *ipso facto*, larceny;

53. and such larcenous action by the Inmate Bank was in direct response to Mr. Fletcher engaging in the protected conduct of Petition[ing] the Government (the courts – third branch of the government) for a Redress of Grievances (filing actions); clearly meeting all three prongs.

* * *

### Note to Court

54. Mr. Fletcher contends that the very act of committing a crime against someone as a direct result of that person engaging in constitutionally protected conduct, is the very definition of retaliation against protected conduct.

55. Additionally, proving an action was unlawful – in a strictly *civil* sense, by preponderance of the evidence, to meet an adverse action prong – is what trials are for.

56. Again, the Court seem to have trouble grasping this concept – Mr. Fletcher does not assert, and will not assert, any standing to prosecute any criminal case – he offers allegations/proof of crimes having been committed against him, simply to meet the adverse action, or unreasonable serious harm, prongs of his **CIVIL** claims; nothing more.

   XIII. "Ninth, the State of Colorado and its entities, including the Colorado Department of Corrections, are protected by Eleventh Amendment immunity. ... Accordingly, because the Inmate Bank appears to be within the Colorado Department of Corrections it is immune from suit.", (ECF No. 9, p. ).

57. Mr. Fletcher objects.

* * *

58. Mr. Fletcher's *pro se* complaint asserted: "Defendant Inmate Bank exists outside of any state or federal statute, outside of any state or federal charted, and outside of any state or federal banking authority's consent, acknowledgement, or authorization", (ECF No. 8, p. 5, ¶ 6); as such, *ipso facto*, the Inmate Bank is *not* a state entity.

59. Further, the fact that Defendant Raemisch provides staffing for the unlawfully existing Inmate Bank, by misappropriating CDOC human resources; and provides for the Inmate Bank employees' pay checks, by misappropriating monies from the CDOC fiscal budget; does *not* grant the unlawfully existing financial institution, Eleventh Amendment immunity.

60. Additionally, Defendant Raemisch referring to the Inmate Bank as being part of the Colorado Department of Corrections, (A.R. 200-02), is moot; in as much as there exists no legislative authority for the CDOC to conduct a banking business, nor is operating a banking business authorized by the CDOC's charter, nor does the CDOC have the backing of any banking regulatory agency to conduct a banking business; as such, Defendant Raemisch possesses no legal authority to assert the CDOC can operate a banking business.

61. For the above reasons, the Inmate Bank is *not* protected by Eleventh Amendment Immunity, but *is* subject to law suit as any non-state entity would be; and

62. Since the unlawfully existing Inmate Bank is under the *direct control* of CDOC employees, defendants: Raemisch and Whitney, the Inmate Bank is liable under 42 U.S.C. § 1983.

* * *

63. Defendant Raemisch's Inmate Bank being analogous to the governor using funds from his office's fiscal budget, to start up an unlicensed abortion clinic in the State Capitol Building, then asserting the abortion clinic is protected from suit by Eleventh Amendment immunity.

XIV.

64. Mr. Fletcher objects to receiving a ruling which does not provide findings of fact and conclusions of law on the merits of each claim raised, as such failure denies him any meaningful Due Process of Law.

65. How can Mr. Fletcher appeal a claim, if he does not know which of the 23 claims he raised, the Court finds fault?

### Precise Relief Sought

For the above reasons, Mr. Fletcher moves the Court to:

i. issue findings of fact and conclusions of law on each of the 14 objections presented; and

ii. instruct this case to be scheduled for jury trial;

or in the alternative,

iii. instruct findings of fact and conclusions of law be provided for each of Mr. Fletcher's 23 cognizable, meritorious, and actionable claims raised in the instant action.

Respectfully submitted this Thursday, January 18, 2018

*Pro Se* Petitioner's Original Signature: _____ John F #81478 _____

John Patrick Fletcher

## Certificate of Service

I, John Patrick Fletcher, am confined in an institution. Today, Thursday, January 18, 2018, I am depositing the "MOTION TO ASSERT MULTIPLE OBJECTIONS UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 72" in this case in the institution's internal mail system. First-class postage is being prepaid either by me or by the institution on my behalf.

### I am asserting benefit of the prisoner mailbox rule, this Thursday, January 18, 2018.

*Pro Se* Petitioner's Original Signature: _____John D #81478_____

John Patrick Fletcher

## Declaration Under Penalty of Perjury

I, John Patrick Fletcher, declare under penalty of perjury that the foregoing is true and correct.

Executed on January 18, 2018.

*Pro Se* Petitioner's Original Signature: _____John D #81478_____

John Patrick Fletcher
*Proceeding Pro Se Under 28 U.S.C. § 1654*

      B.V.C.F. East 1-S-12
      P.O. Box 2017
      Buena Vista, CO 81211