IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02751-GPG

JOHN PATRICK FLETCHER,

    Plaintiff,

v.

INMATE BANK,
STATE CONTROLLER,
RICK RAEMISCH,
TANYA WHITNEY, and
UNKNOWN PRISON OFFICIALS,

    Defendants.

## ORDER OVERRULING OBJECTION

This matter is before the Court on the "Motion to Assert Multiple Objections under Federal Rules of Civil Procedure Rule 72," ECF No. 10, filed *pro se* by Plaintiff on January 22, 2018. Plaintiff objects to an order entered by Magistrate Judge Gordon P. Gallagher on January 4, 2018, directing him to file an amended application that complies with Fed. R. Civ. P. 8. For the reasons discussed below, the Objection will be overruled.

Plaintiff initiated this action by filing a Prisoner Complaint, ECF No. 1. On December 1, 2017, Plaintiff was granted leave to proceed pursuant to 28 U.S.C. § 1915. Subsequently, on December 4, 2017, Plaintiff filed an Amended Prisoner Complaint.

Magistrate Judge Gallagher reviewed the Amended Prisoner Complaint, found the Amended Complaint deficient, and directed Plaintiff to amend the Complaint in

1

compliance with Rule 8 of the Federal Rules of Civil Procedure.   Magistrate Judge

Gallagher directed Plaintiff in part as follows:

> The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.   *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).   Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.
>
> Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.   *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).   For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all Case that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."   *Id.*
>
> The Court has reviewed Plaintiff's Amended Complaint and finds that he fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.
>
> Plaintiff asserts twenty-three claims for relief that overall allege an ["]Inmate Bank exists outside of any state or federal statute" that "serves to lull unsuspecting prisoners into complacently accepting the resultant unjust enrichment, larceny, and retaliation, inflicted upon them."   ECF No. 8 at 5. Plaintiff further asserts that the "Inmate Bank provides [him] with neither interest, nor any other form of just compensation for the use of his monies, which are earning interest for the state while they sit in Defendant Inmate Bank's coffers at the state treasury."   ECF No. 8 at 6.
>
> Plaintiff sets forth the same factual allegations for Claims One through Five and asserts violations of his right to confidential financial

2

> records, his substantive and procedural due process rights, his equal
> protection rights, and his right not to be subjected to cruel and unusual
> punishment. ECF No. 8 at 8-9. Plaintiff groups multiple claims together
> for different supporting facts. Claims Six through Ten, Eleven through
> Fourteen, Fifteen through Eighteen, and Nineteen through Twenty-Three
> each have different supporting facts. Nonetheless, the supporting facts
> are repetitive and not presented in a short and concise manner.
>
> Overall, Plaintiff asserts that (1) the state is profiting from the monies
> deposited in his inmate account by receiving interest on the monies; (2) his
> right to financial confidentiality is being violated because he has not
> authorized Defendant's viewing of his account; and (3) he is being
> subjected to "de facto micro loans" to pay for postage and copies of
> documents filed with the Court, which place him in debt. Plaintiff seeks
> declaratory and injunctive relief and compensatory and punitive damages.
>
> A decision to dismiss a complaint pursuant to Rule 8 is within the trial
> courts sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d
> 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431
> (9th Cir. 1969). The Court, however, will give Plaintiff an opportunity to
> cure the deficiencies in the Complaint by submitting a Second Amended
> Complaint that meets the requirements of Fed. R. Civ. P. 8.

ECF No. 9 at 2-4.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has reviewed the file and finds for the following reasons that Magistrate Judge Gallagher's order directing Plaintiff to amend is not clearly erroneous or contrary to law.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual

contentions, not his conclusory allegations." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Neither the court nor the defendants are required to guess in order to determine what claims are being asserted and what specific factual allegations support each asserted claim.

Magistrate Judge Gallagher described how Plaintiff had presented his claims and instructed Plaintiff that the manner in which he chose to present his claims is repetitive, not set forth in a short and concise statement, and fails to comply with Rule 8. ECF No. 9 at 3. Magistrate Judge Gallagher further identified what Plaintiff appeared to assert in general and instructed Plaintiff regarding the applicable law to the asserted claims. *Id.* Furthermore, Plaintiff was given the opportunity to submit a Second Amended Complaint and address the specific issues set forth by Magistrate Judge Gallagher.

This Court has reviewed the Amended Complaint. The claims are repetitive, not set forth in a short and concise statement, and fail to comply with Rule 8. Based on the review, this Court finds nothing in the January 4, 2018 Order to Amend is clearly erroneous or contrary to law. This Court, therefore, will direct Plaintiff to file the Second Amended Complaint as he was directed to do in the January 4, 2018 Order. Plaintiff is instructed to file the Second Amended Complaint on a proper Court-approved form (Revised December 2017) and comply with Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that the Objection, ECF No. 10, is OVERRULED. It is

FURTHER ORDERED that Plaintiff shall have **twenty-one days from the date of this Order** to comply with the January 4, 2018 Order to File Second Amended Complaint. It is

FURTHER ORDERED that the action **may** be dismissed in full or in part without further notice if Plaintiff fails to comply with the January 4, 2018 Order to File Second Amended Complaint within the time allowed.   It is

FURTHER ORDERED that the Motion to Accept Objection Filing as Timely, ECF No. 11, and the Motion to Assert Multiple Objections, ECF No. 10, are denied as unnecessary.

DATED at Denver, Colorado, this   12th   day of    February    , 2018.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court