**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**FILED**
UNITED STATES DISTRICT COURT
DENVER. COLORADO

MAR 0 1. 2018

JEFFREY P. COLWELL
CLERK

Civil Action No.   **1:17-cv-02751-GPG**
               (To be supplied by the court)

**John Patrick Fletcher**              , Plaintiff

v.

**Inmate Bank**            ,

**State Controller**            ,

**Rick Raemisch**            ,

**Tanya Whitney**

**Unknown Prison Officials**         , Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

**SECOND AMEDED PRPISONER COMPLAINT AND AFFIDAVIT**

---

| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |
| **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

## A.  PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

 John Patrick **Fletcher**; Prisoner Identification Number: 81478
   (Name, prisoner identification number, and complete mailing address)

 B.V.C.F. East 1-S-12; P.O. Box 230; Canon City, Colorado 81215-0230
   (Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

\_\_\_\_   Pretrial detainee
\_\_\_\_   Civilly committed detainee
\_\_\_   Immigration detainee
 **X**   Convicted and sentenced state prisoner
\_\_\_\_   Convicted and sentenced federal prisoner
\_\_\_\_   Other: (*Please explain*) _____

## B.  DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:   Inmate Bank [hereinafter "**Defendant Inmate Bank**"]
             (Name, job title, and complete mailing address)

             P.O. Box 230; Canon City, Colorado 81215-0230

             At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  **X** Yes \_\_\_ No (*check one*).  Briefly explain:

              The banking financial institution operated, maintained and administered by

              Defendants: Raemisch and Whitney.

             Defendant 1 is being sued in his/her  **X**  individual and/or  **X**  official capacity.

**B.  DEFENDANT(S) INFORMATION**

Defendant 2:  State Controller, [hereinafter **"Defendant Controller"**]; Address Unknown
(Name, job title, and complete mailing address)

Address unknown

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  **X** Yes ___ No (*check one*).  Briefly explain:

Sworn state employee – C.R.S. 24-30-201, et seq..

Defendant 2 is being sued in his/her **X** individual and/or **X** official capacity.

Defendant 3:  Rick Raemisch [hereinafter **"Defendant Raemisch"**]; Director
(Name, job title, and complete mailing address)

1250 Academy Park Loop; Colorado Springs, CO 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  **X** Yes ___ No (*check one*).  Briefly explain:

Employee of the Colorado Department of Corrections.

Defendant 3 is being sued in his/her **X** individual and/or **X** official capacity.

Defendant 4:  Tanya Whitney [hereinafter **"Defendant Whitney"**]; Inmate Bank Manager
(Name, job title, and complete mailing address)

1250 Academy Park Loop; Colorado Springs, CO 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  **X** Yes ___ No (*check one*).  Briefly explain:

Employee of the Colorado Department of Corrections.

Defendant 4 is being sued in his/her **X** individual and/or **X** official capacity.

**B.      DEFENDANT(S) INFORMATION**

Defendant 5:   Unknown Prison Officials [hereinafter "**Defendants Prison Officials**"]
               (Name, job title, and complete mailing address)

               P.O. Box 230; Canon City, Colorado 81215-0230

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?   **X**  Yes ___ No (*check one*).  Briefly explain:

The banking financial institution operated, maintained and administered by

defendants: Raemisch and Whitney.

Defendant 5 is being sued in his/her  **X**  individual and/or  **X**  official capacity.

### UNNAMED DEFENDANTS

"A district court is not required to act as an advocate for a pro se litigant; but when such a litigant has alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court. If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Gordon v. Leeke*, 574 F.2d 1147, 1152-1153 (4th Cir. 1978)

**C.      JURISDICTION**
*Indicate the federal legal basis for your claim(s): (check all that apply)*

**X**      42 U.S.C. § 1983 (state, county, and municipal defendants)

___      *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

**X**      Other: (*please identify*) _____

         12 U.S.C. § 3403 – Confidentiality of records

         18 U.S.C. §§ 1964(c) – R.I.C.O. Civil remedies

         28 U.S.C. §§ 2201 and 2202 – Declaratory relief
         28 U.S.C. §§ 2283 and 2284 and Rule 65 of the Federal Rules of
                                Civil Procedure – injunctive relief
         28 U.S.C. § 1367 – Supplemental jurisdiction; state law claims

         42 U.S.C. §§ 1985 – Conspiracy to interfere with civil rights

4

# NOTE TO COURT

1. The United States Supreme Court, in *Erickson v. Pardus*, 551 U.S. 89 (2007), issued a scathing rebuke of Judge Lewis T. Babcock's usage of an inappropriately high standard of review for imprisoned *pro se* litigant filing 42 U.S.C. § 1983 prisoner complaints.

2. Judge Lewis T. Babcock's abuse of discretion was so egregious, the United States Supreme Court had no choice but to step in and use its supervisory powers to correct this grave injustice Judge Lewis T. Babcock so routinely inflicts upon *pro se* litigants; opining:

3. *Erickson v. Pardus*, 551 U.S. 89, 89 (2007):

   > [T]he Court of Appeals for the **Tenth Circuit** affirmed the District Court's dismissal of petitioner's complaint. 198 Fed. Appx. 694, 698 (2006). The holding **departs in so stark a manner** from the pleading standard mandated by the Federal Rules of Civil Procedure **that we grant review. We vacate the court's judgment and remand the case for further consideration.**

   (Emphasis added.)

4. *Erickson v. Pardus*, 551 U.S. 89, Syllabus (2007):

   > Petitioner filed suit alleging that respondents, Colorado prison officials, violated the Eighth Amendment when they terminated his hepatitis C treatment program, with life-threatening consequences. The District Court granted respondents' motion to dismiss, and the Tenth Circuit affirmed, holding that petitioner's allegations were too conclusory to establish for pleading purposes that he had suffered a cognizable independent harm from the termination.
   >
   > **Held: Petitioner's case <u>cannot be dismissed</u> on the ground that his harm allegations were <u>too conclusory</u> to put these matters in issue.** The complaint which contains allegations that the decision to remove petitioner from his medication endangered his life, that the medication was withheld shortly after he had commenced a 1-year treatment program, that he still needed the treatment, and that the prison officials were refusing it was enough to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Petitioner, in addition, bolstered his claim with more specific allegations in documents attached to the complaint and in later filings. **The Tenth Circuit's departure from Rule 8(a)(2)'s liberal pleading requirements is especially pronounced here, where petitioner has been proceeding, from the litigation's outset, without counsel.** Whether the complaint is sufficient in all respects is yet to be determined, for respondents have raised multiple arguments in their motion to dismiss.
   >
   > Certiorari granted; 198 Fed. Appx. 694, **reversed and remanded**.
   >
   > Judges: JUSTICE Thomas, dissenting.

   (Emphasis added.)

5.      *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007):

> It may in the final analysis be shown that the District Court was correct to grant respondents' motion to dismiss. That is not the issue here, however. It was error for the Court of Appeals to conclude that the allegations in question, concerning harm caused petitioner by the termination of his medication, were too conclusory to establish for pleading purposes that petitioner had suffered "a cognizable independent harm" as a result of his removal from the hepatitis C treatment program. *Id.*, at 698.

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." **Specific facts are not necessary**; the statement **need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"** In addition, when ruling on a defendant's motion to dismiss, **a judge must accept as true all of the factual allegations contained in the complaint.**

> The complaint stated that Dr. Bloor's decision to remove petitioner from his prescribed hepatitis C medication was "endangering [his] life." Petitioner's Complaint 2. It alleged this medication was withheld "shortly after" petitioner had commenced a treatment program that would take one year, that he was "still in need of treatment for this disease," and that the prison officials were in the meantime refusing to provide treatment. *Id.*, at 3, 4. **This alone was enough to satisfy Rule 8(a)(2).** Petitioner, in addition, bolstered his claim by making more specific allegations in documents attached to the complaint and in later filings.

> The [**Tenth Circuit**] Court of Appeals' **departure from the liberal pleading standards set forth by Rule 8(a)(2) is <u>even more pronounced</u> in this particular case <u>because petitioner has been proceeding, from the litigation's outset, without counsel</u>.** A document filed *pro se* is "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid.* (internal quotation marks omitted). Cf. <u>Fed. Rule Civ. Proc. 8(f)</u> ("All pleadings shall be so construed as to do substantial justice").

(Emphasis added and internal cites removed.)

6.      See also, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976):

> Against this backdrop, we now consider whether respondent's complaint states a cognizable § 1983 claim. The handwritten pro se document is to be liberally construed. As the Court unanimously held in Haines v. Kerner, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and **can only be dismissed for failure to state a claim if it appears "'<u>beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.</u>'"** Id., at 520-521, quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

(Emphasis added.)

# - A REMINDER TO THIS COURT:

# The willful defiance of United States Supreme Court precedent, lies outside of this Court's sound discretion.

7.    *Erickson v. Pardus*, 551 U.S. 89, 89 (2007):

> [T]he ... **Tenth Circuit**[s] ... holding **departs in so stark a manner ... that we grant review. We vacate the court's judgment and remand the case for further consideration.**

(Emphasis added.)

8.    *Erickson v. Pardus*, 551 U.S. 89, Syllabus (2007):

> **Petitioner's case <u>cannot be dismissed</u> on the ground that his harm allegations were <u>too conclusory</u> to put these matters in issue. ... The Tenth Circuit's departure from Rule 8(a)(2)'s liberal pleading requirements is especially pronounced here, where petitioner has been proceeding, from the litigation's outset, without counsel.**

(Emphasis added.)

9.    *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007):

> <u>**Specific facts are not necessary**</u>; the statement need only "'**<u>give the defendant fair notice</u> of what the ... claim is and the grounds upon which it rests.**'"
>
> ...
>
> The **[Tenth Circuit]** Court of Appeals' **departure from the liberal pleading standards set forth by Rule 8(a)(2) is <u>even more pronounced</u> in this particular case <u>because petitioner has been proceeding, from the litigation's outset, without counsel</u>.**

(Emphasis added and internal cites removed.)

10.    See also, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976):

> [A] pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and **can only be dismissed for failure to state a claim if it appears "'<u>beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief</u>.**'" Id., at 520-521, quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

(Emphasis added.)

## FACTS NECESSARY TO UNDERSTAND COMPLAINT

1.    Hereinafter, reference to Defendants: Inmate Bank, Controller, Raemisch, and Whitney, is to be understood to mean the individual, their office, and their position within the enterprise described below.

* * *

2.    It is adverse to state and federal statute to give oneself the artificial name of a bank, and carry on a banking business, without first obtaining specific written authorization from a state and/or federal banking authority to conduct such a banking business.

* * *

3.    In and through the collective wills of Defendants: Inmate Bank, Controller, Raemisch, and Whitney, there exists the financial banking institution known by the artificial name of "Inmate Bank".

4.    Defendants: Controller, Raemisch, and Whitney, in conjunction with their artificial, unlawful, and illegally existing Defendant Inmate Bank, have functioned as an organized enterprise, since at least August 26, 1993.

5.    This enterprise exists for the common purpose of extorting, embezzling, and stealing monies from the prisoners held in their fiduciary care.

* * *

6.    A "bank", by its very nature, is an artificial entity, separate and distinct from a human being; axiomatically existing by way of a charter or similar document(s), outlining its reason for existing.

7.    In the case of Defendant Inmate Bank, these documents are contained within Defendant Raemisch's "administrative regulations" [hereinafter "A.R."]; in particular A.R. 200-02.

* * *

8.    This bank can be reached at its Canon City office:

      Inmate Bank Office
      P.O. Box 230
      Canon City, CO 81215-0230

* * *

9.    Defendant Inmate Bank exists outside of any state or federal statute, outside of any state or federal charter, and outside of any state or federal banking authority's consent, acknowledgment, or authorization.

10.   So existing, *ipso facto*, Defendant Inmate Bank is *not* a lawfully existing state entity, and therefore, *not* subject to Eleventh Amendment immunity.

11.   This artificial misrepresentation of being an actual bank by Defendant Inmate Bank, serves to lull unsuspecting prisoners into complacently accepting the resultant unjust enrichment, larceny, and retaliation, inflected upon them; by those in positions of power and authority over them; charged with their safety, care, and wellbeing.

12.    The Colorado Department of Corrections has an internal database system known as the "PCDCIS". One of the databases contained within the PCDCIS, is Defendant Inmate Bank's set of confidential financial banking records for all prisoners ever detained within the Colorado Department of Corrections. This database is open for all prison officials to view at their leisure.

13.    Defendant Inmate Bank's accounting system hold, tracks, and controls all financial accounts for the prisoners detained within the Colorado Department of Corrections.

* * *

14.    The prisoner monies held on account with Defendant Inmate Bank are deposited into a revolving account at the state treasury, where the state treasurer reinvests these prisoner monies to earn an interest[1].

15.    Defendant Inmate Bank provides Mr. Fletcher with neither interest, nor any other form of just compensation for the use of his monies, which are earning interest for the state while they sit in Defendant Inmate Bank's coffers at the state treasury.

* * *

16.    Defendant Raemisch is charged with entering into, and implementing, a "memorandum of understanding"[2] with the judicial department, to collect monies owed to the courts.

17.    This "memorandum of understanding" is known by Defendants: Inmate Bank, Controller, Raemisch, and Whitney, as well as the judicial department, to be based on the usage of the unlawfully existing Defendant Inmate Bank.

* * *

18.    The banking practices of Defendants: Inmate Bank, Controller, Raemisch, and Whitney, have jointly, severally, and personally, taken Mr. Fletcher form his state of wholeness, and trough intentional malfeasance of office, created an aggrieved individual, who must now be made whole again.

## NOTE TO COURT

19.    To be clear, this is *not* a criminal complaint, nor should it be interpreted as such. This is a *civil* complaint, seeking a *civil* remedy, to make Mr. Fletcher whole again, due to the criminal actions having been committed against him, by individuals in positions of power and authority, (Mr. Fletcher being the "Goldman family", and the defendants being "O.J.").

20.    As such, all references to criminal victimization, contained herein, are provided simply to demonstrate substance and foundation to Mr. Fletcher's claims of having Cruel and Unusual Punishment Inflicted upon him.

---

[1] C.R.S. 24-36-112. Deposits in savings and loan associations
C.R.S. 24-36-113. Investment of state moneys - limitations
[2] C.R.S. 16-18.5-106. Restitution for persons sentenced to the department of corrections

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

## PERSONAL INVOLVEMENT
### FOR EACH DEFENDANT, FOR EACH CLAIM RAISED HEREIN

**Each defendant's personal involvement:**

1.    Defendant **Inmate Bank** – provides unlawful, fraudulent, and artificial banking services to Mr. Fletcher, under the guidance of Defendants: Raemisch and Whitney, below.

2.    Defendant **Controller**[3] – charged with overseeing all financial activities occurring within the state treasury by Defendant Inmate Bank.

3.    Defendant **Raemisch**[4] – supervises the business, fiscal, budget, personnel, and financial operations of the Inmate Bank.

4.    Defendant **Raemisch** has, maintains, and enforces an "unofficial", but well-promulgated [hereinafter "Misprision Policy"], requiring prison officials to aid, abet, collude, and conceal, fellow prison officials' criminal act(ion)s from discovery by local, state, and federal law enforcement.

5.    Defendant **Whitney** – operates, maintains, and administers the day-to-day activities of Defendant Inmate Bank.

6.    Defendants **Prison Officials** – routinely assesses prisoners' confidential financial banking records, by way of the Inmate Bank's accounting system, contained within the Colorado Department of Corrections' internal database program, known as the "PCDCIS".

7.    For the above reasons, Defendants: Inmate Bank, Controller, Raemisch, and Whitney, are each, jointly, severally, and personally, charged with:

    i.    knowing Defendant Inmate Bank was, is, and will continue to be, a clearly unlawful, fraudulent, and artificial banking business; as well as

    ii.    notifying local, state, and federal law enforcement of this known banking business's existence.

---

[3]  C.R.S. 24-30-201. Accounts and control - controller
[4]  C.R.S. 17-1-103(1)(B). Duties of the executive director

**D.**   **STATEMENT OF CLAIM(S)**

## CONFIDENTIAL FINANCIAL RECORDS – ALLOWING

CLAIM **ONE**:   Confidential Financial Records

   Supporting facts: Same facts as CLAIM **FIVE** below.

CLAIM **TWO**:   Substantive Due Process of Law

   Supporting facts: Same facts as CLAIM **FIVE** below.

CLAIM **THREE**:   Procedural Due Process of Law

   Supporting facts: Same facts as CLAIM **FIVE** below.

CLAIM **FOUR**:   Cruel and Unusual Punishment Inflicted

   Supporting facts: Same facts as CLAIM **FIVE** below.

CLAIM **FIVE**:   Equal Protection of the Laws

   **Supporting Facts**:

1.   The following facts apply to claims **ONE** though **FIVE**, and were personally committed by Defendant **Inmate Bank** against Mr. Fletcher.

2.   From August 26, 1993 through the present, Defendant **Inmate Bank** gave, gives, and will continue to give, complete viewing access to each named defendant, of Mr. Fletcher's confidential financial banking records, without any legal authority to do so.

3.   Each such instance of Defendant **Inmate Bank** *allowing*, unauthorized access to Mr. Fletcher's confidential financial banking records, violated, violates, and will continue to violate, Mr. Fletcher's federally protected right to confidentiality of his financial records[5].

* * *

4.   Every month, Defendant **Inmate Bank** sends Mr. Fletcher an unsecured bank statement containing Mr. Fletcher's confidential financial banking transactions for that month.

5.   This unsecured printout is tossed no the cell floor, where anyone can pick it up and read it; thereby, gaining unauthorized access to Mr. Fletcher's confidential financial banking records; subjecting Mr. Fletcher to the constant fear of extortion by prison gangs.

---

[5] 12 U.S.C. § 3403 – Confidentiality of records

## D.   STATEMENT OF CLAIM(S)

<u>CONFIDENTIAL FINANCIAL RECORDS – ALLOWING</u>

### CONTENTIONS – FOR CLAIMS ONE THROUGH FIVE

#### CONFIDENTIAL FINANCIAL RECORDS

6.   *Mr. Fletcher contends that* Defendant **Inmate Bank** gave, gives, and will continue to give, complete viewing access to Mr. Fletcher's confidential financial banking records, without any legal authority for any of them, to have any access to such confidential records.

#### SUBSTANTIVE DUE PROCESS OF LAW

7.   *Mr. Fletcher contends that* Defendant **Inmate Bank** had, has, and will continue to capriciously and arbitrarily *allow* unauthorized access to Mr. Fletcher's confidential financial banking records, without any reasonable, neutral government/penological interest for such unauthorized access.

#### PROCEDURAL DUE PROCESS OF LAW

8.   *Mr. Fletcher contends that* Defendant **Inmate Bank** allows, allowed, and will continue to allow unauthorized access to Mr. Fletcher's confidential financial banking records, without providing Mr. Fletcher with any process before doing so.

#### CRUEL AND UNUSUAL PUNISHMENT INFLICTED

9.   Defendant **Inmate Bank**, while under color law, demonstrated deliberate indifference to an unreasonable serious harm, by willfully subjecting Mr. Fletcher to the deprivation of the above rights, privileges, or immunities secured or protected by the Constitution or laws of the United States[6]; thereby, criminally victimizing Mr. Fletcher under 18 U.S.C. § 242, deprivation of rights under color of law; *itself*, an unreasonable serious harm.

#### EQUAL PROTECTION OF THE LAWS

10.   *Mr. Fletcher contends that* similarly situated prisoners, (for instance, in other states), are not subjected to such criminal victimization by those with power and authority over them.

---

[6]  18 U.S.C. § 242. Deprivation of rights under color of law

## D.    STATEMENT OF CLAIM(S)

### CONFIDENTIAL FINANCIAL RECORDS – ACCEPTING

CLAIM **SIX**:              Confidential Financial Records

Supporting facts: Same facts as CLAIM **TEN** below.

CLAIM **SEVEN**:        Substantive Due Process of Law

Supporting facts: Same facts as CLAIM **TEN** below.

CLAIM **EIGHT**:        Procedural Due Process of Law

Supporting facts: Same facts as CLAIM **TEN** below.

CLAIM **NINE**:          Cruel and Unusual Punishment Inflicted

Supporting facts: Same facts as CLAIM **TEN** below.

CLAIM **TEN**:            Equal Protection of the Laws

**Supporting Facts**:

1.    The following facts apply to claims **SIX** though **TEN**, and were personally committed by Defendants **Prison Officials** against Mr. Fletcher.

2.    From August 26, 1993 through the present, Defendants **Prison Officials** accepted, accepts, and will continue to accept, complete viewing access of Mr. Fletcher's confidential financial banking records, without any legal authority to do so.

3.    Each such instance of Defendants **Prison Officials** *accepting*, unauthorized access to Mr. Fletcher's confidential financial banking records, violated, violates, and will continue to violate, Mr. Fletcher's federally protected right to confidentiality of his financial records[7].

---

[7]  12 U.S.C. § 3403 – Confidentiality of records

## D.   STATEMENT OF CLAIM(S)

### CONFIDENTIAL FINANCIAL RECORDS – ACCEPTING

CONTENTIONS – FOR CLAIMS SIX THROUGH TEN

### CONFIDENTIAL FINANCIAL RECORDS

4.   *Mr. Fletcher contends that* Defendants **Prison Officials** accepted, accepts, and will continue to accept, complete viewing access to Mr. Fletcher's confidential financial banking records, without any legal authority for any of them, to have any access to such confidential records.

### SUBSTANTIVE DUE PROCESS OF LAW

5.   *Mr. Fletcher contends that* Defendants **Prison Officials** had, has, and will continue to capriciously and arbitrarily *accept* unauthorized access to Mr. Fletcher's confidential financial banking records, without any reasonable, neutral government/penological interest for such unauthorized access.

### PROCEDURAL DUE PROCESS OF LAW

6.   *Mr. Fletcher contends that* Defendants **Prison Officials** accepts, accepted, and will continue to accept unauthorized access to Mr. Fletcher's confidential financial banking records, without providing Mr. Fletcher with any process before doing so.

### CRUEL AND UNUSUAL PUNISHMENT INFLICTED

7.   Defendants **Prison Officials**, while under color law, demonstrated deliberate indifference to an unreasonable serious harm, by willfully subjecting Mr. Fletcher to the deprivation of the above rights, privileges, or immunities secured or protected by the Constitution or laws of the United States[8]; thereby, criminally victimizing Mr. Fletcher under 18 U.S.C. § 242, deprivation of rights under color of law; *itself*, an unreasonable serious harm.

### EQUAL PROTECTION OF THE LAWS

8.   *Mr. Fletcher contends that* similarly situated prisoners, (for instance, in other states), are not subjected to such criminal victimization by those with power and authority over them.

---

[8] 18 U.S.C. § 242. Deprivation of rights under color of law

**D.**    **STATEMENT OF CLAIM(S)**

<u>**UNLAWFULLY TAKEN MONIES**</u>

CLAIM **ELEVEN**:        Racketeer Influenced and Corrupt Organizations

    Supporting facts: Same facts as CLAIM **FIFTEEN** below.

CLAIM **TWELVE**:        Cruel and Unusual Punishment Inflicted

    Supporting facts: Same facts as CLAIM **FIFTEEN** below.

CLAIM **THIRTEEN**:        Procedural Due Process of Law

    Supporting facts: Same facts as CLAIM **FIFTEEN** below.

CLAIM **FOURTEEN**:        Cruel and Unusual Punishment Inflicted

    Supporting facts: Same facts as CLAIM **FIFTEEN** below.

CLAIM **FIFTEEN**:        Equal Protection of the Laws

    **Supporting Facts**:

1.    The following facts apply to claims **ELEVEN** though **FIFTEEN**, and were personally committed by Defendant: **Inmate Bank, Controller, Raemisch, and Whitney** against Mr. Fletcher.

2.    From August 26, 1993 through the present, Defendant: **Inmate Bank, Controller, Raemisch, and Whitney** unlawfully took, takes, and will continue to take, Mr. Fletcher's monies, placing them into Defendant: **Inmate Bank, Controller, Raemisch, and Whitney's** coffers, where those monies earn interest for and entity which was/is not Mr. Fletcher, without any legal authority for the unlawfully existing Defendant: **Inmate Bank, Controller, Raemisch, and Whitney** to do so.

**D.     STATEMENT OF CLAIM(S)**

UNLAWFULLY TAKEN MONIES

CONTENTIONS – FOR CLAIMS ELEVEN THROUGH FIFTEEN

**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS**

3.     *Mr. Fletcher contends that* Defendant: **Inmate Bank, Controller, Raemisch, and Whitney** subjected, subjects, and will continue to subject, Mr. Fletcher to larceny, embezzlement, and deceptive bank fraud; thereby, injuring Mr. Fletcher in his property/monies/chattel[9].

**SUBSTANTIVE DUE PROCESS OF LAW**

4.     *Mr. Fletcher contends that* Defendant: **Inmate Bank, Controller, Raemisch, and Whitney** had, has, and will continue to capriciously and arbitrarily take Mr. Fletcher monies, and place them into their own coffers at the state treasury, without any reasonable, neutral government/penological interest for such larceny.

**PROCEDURAL DUE PROCESS OF LAW**

5.     *Mr. Fletcher contends that* Defendant: **Inmate Bank, Controller, Raemisch, and Whitney** had, has, and will continue to take Mr. Fletcher monies, and place them into their own coffers at the state treasury, without providing Mr. Fletcher with any process before doing so.

**CRUEL AND UNUSUAL PUNISHMENT INFLICTED**

6.     Defendant: **Inmate Bank, Controller, Raemisch, and Whitney**, while under color law, demonstrated deliberate indifference to an unreasonable serious harm, by willfully subjecting Mr. Fletcher to the deprivation of the above rights, privileges, or immunities secured or protected by the Constitution or laws of the United States[10]; thereby, criminally victimizing Mr. Fletcher under 18 U.S.C. § 242, deprivation of rights under color of law; *itself*, an unreasonable serious harm.

**EQUAL PROTECTION OF THE LAWS**

7.     *Mr. Fletcher contends that* similarly situated prisoners, (for instance, in other states), are not subjected to such criminal victimization by those with power and authority over them.

---

[9]  18 U.S.C. § 1964. Civil remedies
[10] 18 U.S.C. § 242. Deprivation of rights under color of law

16

## D.   STATEMENT OF CLAIM(S)

### UNJUST ENRICHMENT

CLAIM **SIXTEEN**:   Racketeer Influenced and Corrupt Organizations

Supporting facts: Same facts as CLAIM **TWENTY** below.

CLAIM **SEVENTEEN**:   Cruel and Unusual Punishment Inflicted

Supporting facts: Same facts as CLAIM **TWENTY** below.

CLAIM **EIGHTTEEN**:   Procedural Due Process of Law

Supporting facts: Same facts as CLAIM **TWENTY** below.

CLAIM **NINETEEN**:   Cruel and Unusual Punishment Inflicted

Supporting facts: Same facts as CLAIM **TWENTY** below.

CLAIM **TWENTY**:   Equal Protection of the Laws

**Supporting Facts**:

8.   The following facts apply to claims **SIXTEEN** though **TWENTY**, and were personally committed by Defendant: **Inmate Bank, Controller, Raemisch, and Whitney** against Mr. Fletcher.

9.   From August 26, 1993 through the present, Defendant: **Inmate Bank, Controller, Raemisch, and Whitney** unlawfully used, uses, and will continue to use, the unlawfully existing Defendant **Inmate Bank** to gain unjust enrichment for the state treasury; under the guidance, supervision, and consent of Defendant **Controller**.

10.   This being done without providing Mr. Fletcher with *any* form of compensation for this unlawful use of his monies.

**D.    STATEMENT OF CLAIM(S)**

<u>UNJUST ENRICHMENT</u>

**CONTENTIONS – FOR CLAIMS SIXTEEN THROUGH TWENTY**

**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS**

11.    *Mr. Fletcher contends that* Defendant: **Inmate Bank, Controller, Raemisch, and Whitney** subjected, subjects, and will continue to subject, Mr. Fletcher to larceny, embezzlement, and deceptive bank fraud; thereby, injuring Mr. Fletcher in his property/monies/chattel[11].

**SUBSTANTIVE DUE PROCESS OF LAW**

12.    *Mr. Fletcher contends that* Defendant: **Inmate Bank, Controller, Raemisch, and Whitney** had, has, and will continue to capriciously and arbitrarily deny Mr. Fletcher just compensation for the usage of his monies, which earn interest while they sit at the state treasury, without any reasonable, neutral government/penological interest for such larceny.

**PROCEDURAL DUE PROCESS OF LAW**

13.    *Mr. Fletcher contends that* Defendant: **Inmate Bank, Controller, Raemisch, and Whitney** had, has, and will continue deny Mr. Fletcher just compensation for the usage of his monies, which earn interest while they sit at the state treasury, without providing Mr. Fletcher with any process before doing so.

**CRUEL AND UNUSUAL PUNISHMENT INFLICTED**

14.    Defendant: **Inmate Bank, Controller, Raemisch, and Whitney**, while under color law, demonstrated deliberate indifference to an unreasonable serious harm, by willfully subjecting Mr. Fletcher to the deprivation of the above rights, privileges, or immunities secured or protected by the Constitution or laws of the United States[12]; thereby, criminally victimizing Mr. Fletcher under 18 U.S.C. § 242, deprivation of rights under color of law; *itself*, an unreasonable serious harm.

**EQUAL PROTECTION OF THE LAWS**

15.    *Mr. Fletcher contends that* similarly situated prisoners, (for instance, in other states), are not subjected to such criminal victimization by those with power and authority over them.

---

[11] 18 U.S.C. § 1964. Civil remedies
[12] 18 U.S.C. § 242. Deprivation of rights under color of law

**D.      STATEMENT OF CLAIM(S)**

**"BANKER'S LIEN" USED TO RETALIATE AGAINST PROTECTED CONDUCT**

CLAIM **TWENTY ONE**: .   Racketeer Influenced and Corrupt Organizations

     Supporting facts: Same facts as CLAIM **TWENTY SIX** below.

CLAIM **TWENTY TWO**:   Retaliation Against Protected Conduct

     Supporting facts: Same facts as CLAIM **TWENTY SIX** below.

CLAIM **TWENTY THREE**: Substantive Due Process of Law

     Supporting facts: Same facts as CLAIM **TWENTY SIX** below.

CLAIM **TWENTY FOUR**:   Procedural Due Process of Law

     Supporting facts: Same facts as CLAIM **TWENTY SIX** below.

CLAIM **TWENTY FIVE**:   Cruel and Unusual Punishment Inflicted

     Supporting facts: Same facts as CLAIM **TWENTY SIX** below.

CLAIM **TWENTY SIX**:   Equal Protection of the Laws

     **Supporting Facts**:

1.   The following facts apply to claims **TWENTY ONE** though **TWENTY SIX**, and were personally committed by Defendants: **Inmate Bank, Controller, Raemisch, and Whitney** against Mr. Fletcher.

2.   From August 26, 1993 through the present, Defendant: **Inmate Bank, Controller, Raemisch, and Whitney** unlawfully used, uses, and will continue to use, their positions as state officials to operate the fraudulent, unlawful, and illegally existing Defendant **Inmate Bank** , in order to subject Mr. Fletcher to extortion, embezzlement, and deceptive bank fraud.

3.   According to the defendants' well-established policy[13] of forcing prisoners, (in particular, Mr. Fletcher), to accept *de facto* unsecured micro-loans, outside of known banking criteria, in direct response to Mr. Fletcher engaging in the protected right to Petition the Government (the courts) for a Redress of Grievances (filing court actions).

4.   These forced strong-armed micro-loans place prisoners' "accounts" into a negative balance, wherein, this criminal enterprise

     having already applied the *assumed* status of a banking establishment to the unlawfully existing Defendant **Inmate Bank**, in order to exercise a *bona fide* bank's privilege of placing a "Banker's Lien" of 50% on prisoners' "accounts"

then use the "Banker's Lien" to take their 50% off of the top, of all monies taken from Mr. Fletcher and forced to be deposited into Defendant **Inmate Bank**, without any legal authority to do so.

---

[13] Administrative Regulation 200-02

## D.   STATEMENT OF CLAIM(S)

5.   Once placed into such debt, this criminal enterprise then forces Mr. Fletcher to accept more of these micro-loans, due to his forced negative balance; Thereby, pushing his "account" further and further into the negative, effectively creating a "debtor's prison"; where the defendants skim 50% off of the top of all deposits subsequently made; this deliberate banking fraud, creating a vicious cycle of poverty for their victims.

* * *

6.   (This 50% is in addition to the 20% allowed for restitution, court costs, etc., as well as an additional 20% for any child support owed.

7.   Adding up to as much as 90% of all monies being deposited, to be withheld by Defendant **Inmate Bank** and placed into an account with the state treasury, where it earns interest to supplement Defendant **Inmate Bank's** budget.

8.   This being especially problematic if one only has a prison job as income, ($18 per month – 90% = $1.80 per month), to buy soap, shampoo, dental floss, deodorant, razors, paper, pens, envelopes, stamps, etc..

9.   Imagine the hardship for those who do not have a prison job, ($18 per month – 90% = 50¢ per month), to buy soap, shampoo, dental floss, deodorant, razors, paper, pens, envelopes, stamps, etc..)

* * *

### NOTE TO COURT

10.   Mr. Fletcher is challenging the extortion, embezzlement, and deceptive bank fraud, he is being subjected to by each named defendant.

11.   Mr. Fletcher is not asserting any claims concerning any right by the court to have monies withheld form prisoner accounts.

12.   What Mr. Fletcher *is* asserting, is that Defendant **Inmate Bank** is an unlawfully existing banking business, and as such – *it*, the illegal entity – may not do the collection; any other lawful entity may, but not the unlawfully existing entity, Defendant **Inmate Bank**.

13.   Further, although the government has the right to lawfully collect monies lawfully owed to the government, Defendants: **Inmate Bank, Controller, Raemisch, and Whitney**, have, do, and will continue to use the unlawfully existing Defendant **Inmate Bank** as an unlicensed "collection agency", to unlawfully embezzle monies, lawfully owed to the government.

20

**"BANKER'S LIEN" USED TO RETALIATE AGAINST PROTECTED CONDUCT**

**CONTENTIONS – FOR CLAIMS TWENTY ONE THROUGH TWENTY SIX**

**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS**

14.   *Mr. Fletcher contends that* Defendant: **Inmate Bank, Controller, Raemisch, and Whitney** subjected, subjects, and will continue to subject, Mr. Fletcher to larceny, embezzlement, and deceptive bank fraud; thereby, injuring Mr. Fletcher in his property/monies/chattel[14].

**RETALIATION AGAINST PROTECTED CONDUCT**

15.   *Mr. Fletcher contends that* Defendant: **Inmate Bank, Controller, Raemisch, and Whitney** used, use, and will continue to capriciously and arbitrarily use their positions as state officials to implement a retaliatory "Banker's Lien", against Mr. Fletcher's "account", for engaging in the protected right to Petition the Government (the courts) for a Redress of Grievances (filing court actions)

**SUBSTANTIVE DUE PROCESS OF LAW**

16.   *Mr. Fletcher contends that* Defendant: **Inmate Bank, Controller, Raemisch, and Whitney** had, has, and will continue to unlawfully and capriciously apply a "Banker's Lien", of the completely arbitrary amount of 50% against Mr. Fletcher's "account", was, is, and will continue to be, without any reasonable, neutral government/penological interest for such unlawful hardship.

**PROCEDURAL DUE PROCESS OF LAW**

17.   *Mr. Fletcher contends that* Defendant: **Inmate Bank, Controller, Raemisch, and Whitney** had, has, and will continue to unlawfully apply a "Banker's Lien", of 50% against Mr. Fletcher's "account", without providing Mr. Fletcher with any process before doing so.

**CRUEL AND UNUSUAL PUNISHMENT INFLICTED**

18.   Defendant: **Inmate Bank, Controller, Raemisch, and Whitney**, while under color law, demonstrated deliberate indifference to an unreasonable serious harm, by willfully subjecting Mr. Fletcher to the deprivation of the above rights, privileges, or immunities secured or protected by the Constitution or laws of the United States[15]; thereby, criminally victimizing Mr. Fletcher under 18 U.S.C. § 242, deprivation of rights under color of law; *itself*, an unreasonable serious harm.

**EQUAL PROTECTION OF THE LAWS**

19.   *Mr. Fletcher contends that* similarly situated prisoners, (for instance, in other states), are not subjected to such criminal victimization by those with power and authority over them.

---

[14] 18 U.S.C. § 1964. Civil remedies
[15] 18 U.S.C. § 242. Deprivation of rights under color of law

21

## E.     PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?  __X__ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):                    Balkin, et al

Docket number and court:               1:17-cv-01012-GPG; District of Colorado

Claims raised:                                     Crimes were committed against Mr. Fletcher
                                                            by people in position of power and authority;
                                                            systematically demonstrated, element by element.

Disposition: (is the case still pending?;
has it been dismissed?; was relief granted?)   Dismissed

Reasons for dismissal, if dismissed:    May 01, 2017; Lack of standing

Result on appeal, if appealed:             Abandoned

## E.     PREVIOUS LAWSUITS

Name(s) of defendant(s):                    Schwartz, et al

Docket number and court:                    1:17-cv-01576-GPG; District of Colorado

Claims raised:                              Violation of:
                                            First Amendment right to Freedom of Speech;
                                            as well as Petition the Government for a Redress
                                            of Grievances;
                                            Eighth Amendment right to not have
                                            Cruel and Unusual Punishment Inflicted; and
                                            Fourteenth Amendment right to Substantive and
                                            Procedural Due Process of Law; as well as Equal
                                            Protection of the Laws

Disposition: (is the case still pending?;
has it been dismissed?; was relief granted?)   Dismissed

Reasons for dismissal, if dismissed:        Assertion of forty "legally frivolous" claims

Result on appeal, if appealed:              Pending

## F.     ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions.  See 42 U.S.C. § 1997e(a).  Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

          **X** Yes ___ No (*check one*)

Did you exhaust administrative remedies?

          **X** Yes ___ No (*check one*)

## G.      REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

For the above reasons, Mr. Fletcher requests the Court grant:

1.    a declaration that the actions, inactions, and omissions described herein, violated Mr. Fletcher's rights under the Constitution and laws of the United States;
2.    a declaration that Defendant Inmate Bank:
   i.      establish itself as a *bona fide* bank, providing interest bearing accounts; or
   ii.     go into partnership with an existing real bank, providing interest bearing accounts; or
   iii.    otherwise provide an interest bearing account with a real financial institution, (so as to provide just compensation for the use of Mr. Fletcher's monies);
2.    compensatory/presumed damages, against each defendant, jointly and severally;
3.    punitive/exemplary damages, against each defendant, jointly and severally;
4.    a jury trial on all issues triable by a jury;
5.    recovery of costs in this suit;
6.    any other relief the Court deems just, proper, and equitable.

## H.      PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

_____
(Date)

(Form Revised December 2017)

24

neopost
02/28/2018
US POSTAGE
$01.84⁰
FIRST-CLASS MAIL

ZIP 81211
041L11230963

**Colorado Department of Corrections**
Name: John P Corliss
Register Number: 84670
Unit: B WCF East 1-510
Box Number: POD
City, State, Zip: Buena Vista, CO 81211

Office of the Clerk
United States District Court
901 19th Street, Room A105
Denver, CO  80294-3589

Restricted Inspection
Mail

Restricted Inspection Mail Stamp

| BUCC | 2/27/18 |
|------|---------|
| FACILITY | DATE REC'D |

| HUGHES | 21953 | FH |
|--------|-------|-----|
| STAFF LAST NAME | ID# | INT |

| 81478 | Fletcher | F |
|-------|----------|---|
| DOC# | OFFENDER LAST NAME | INT |