IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02751-GPG

JOHN PATRICK FLETCHER,

    Plaintiff,

v.

INMATE BANK,
STATE CONTROLLER,
TANYA WHITNEY, and
UNKNOWN PRISON OFFICIALS,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff John Patrick Fletcher is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Buena Vista Correctional Facility in Buena Vista, Colorado. Plaintiff initiated this action on November 16, 2017, by filing *pro se* a Prisoner Complaint, ECF No. 1, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF No. 3. Plaintiff was granted leave to proceed pursuant to § 1915 on December 1, 2017.

Plaintiff filed an Amended Prisoner Complaint on December 4, 2017. *See* ECF No. 8. Magistrate Judge Gordon P. Gallagher reviewed the merits of the Amended Complaint and entered an order on January 4, 2018, directing Plaintiff to file a Second Amended Complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. The Order Directing Plaintiff to File a Second Amended Complaint in part states as follows:

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The Court has reviewed Plaintiff's Amended Complaint and finds that he fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff asserts twenty-three claims for relief that overall allege an Inmate Bank exists outside of any state or federal statute" that "serves to lull unsuspecting prisoners into complacently accepting the resultant unjust enrichment, larceny, and retaliation, inflicted upon them." ECF No. 8 at 5. Plaintiff further asserts that the "Inmate Bank provides [him] with neither interest, nor any other form of just compensation for the use of his monies, which are earning interest for the state while they sit in Defendant Inmate Bank's coffers at the state treasury." ECF No. 8 at 6.

Plaintiff sets forth the same factual allegations for Claims One through Five and asserts violations of his right to confidential financial records, his substantive and procedural due process rights, his equal protection rights, and his right not to be subjected to cruel and unusual punishment. ECF No. 8 at 8-9. Plaintiff groups multiple claims together for different supporting facts. Claims Six through Ten, Eleven through Fourteen, Fifteen through Eighteen, and Nineteen through Twenty-Three

> each have different supporting facts.   Nonetheless, the supporting facts are repetitive and not presented in a short and concise manner. . . .
>
> A decision to dismiss a complaint pursuant to Rule 8 is within the trial court[']s sound discretion.   *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).   The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting a Second Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

ECF No. 9 at 2-4.

After Plaintiff filed an objection to the order to file a second amended complaint, ECF Nos. 10 and 11, and a motion seeking the status of the objection, ECF No. 13, and the objection was overruled and the motion for status was denied, Plaintiff filed a Second Amended Complaint, ECF No. 15, on March 1, 2018.   Plaintiff asserts twenty-six claims that again, like in the Amended Complaint, are repetitive and not set forth in a short and concise manner.   Plaintiff was given an opportunity to cure the deficiencies in the Amended Complaint by submitting a Second Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.   See ECF No. 9 at 4.   Plaintiff was warned that dismissal of a complaint pursuant to Rule 8 is within the trial court's sound discretion.   *Id.* Because Plaintiff has failed to file a Second Amended Complaint that complies with the January 4, 2018 Order to File a Second Amended Complaint, the action will be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the action is dismissed without prejudice for failure to submit a Second Amended Complaint that complies with Fed. R. Civ. P. 8.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   25th   day of     April    , 2018.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court