IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02751-LTB

JOHN PATRICK FLETCHER,

    Plaintiff,

v.

INMATE BANK,
STATE CONTROLLER,
TANYA WHITNEY, and
UNKNOWN PRISON OFFICIALS,

    Defendants.

---

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

---

The matter before the Court is the "Motion to Alter or Amend Under Fed. R. Civ. P. 59(e)," ECF No. 18, filed on May 7, 2018, that challenges the Court's April 25, 2018 Order of Dismissal.  Plaintiff is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Buena Vista Correctional Facility in Buena Vista, Colorado.  The Court must construe the Motion liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."   *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).   A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.   See Fed. R. Civ. P. 59(e).   Plaintiff's Motion to Alter or Amend properly is considered pursuant to Rule 59(e) because it was filed on May 7, 2018, which is within twenty-eight days after the April 25, 2018 Order of Dismissal and Judgment were entered in this action.   *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:   (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.   *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).   A motion to alter or amend judgment is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

The Court has reviewed the Motion.   Nothing Plaintiff asserts in the Motion demonstrates that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving.   Plaintiff argues that the Court abused its discretion in "failing to apply Fed. R. Civ. P. 8(c) to [his] complaint."   ECF No. 18 at 1. The Court has reviewed Rule 8, in particular subparagraph (c), but does not find support for Plaintiff's claim that the Court abused its discretion in dismissing this action. Accordingly, it is

ORDERED that the Motion to Alter or Amend Under Fed. R. Civ. P. Rule 59(e), ECF No. 18, filed on May 7, 2018, is denied.

DATED at Denver, Colorado, this   4th   day of   June  , 2018.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court